IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAMES AYCOCK, PRO SE, § | | |
| TDCJ-CID #764082, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:04-CV-0193 | |
| § | | |
| J. BURNETT, CO III, § | | |
| § | | |
| Defendant. § | | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff JAMES AYCOCK, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and was granted permission to proceed *in forma pauperis*.

Plaintiff complains that on July 29, 2002, defendant BURNETT "used invidious discrimination constructive force, and imposed a deliberate indifference recklessly to a need for medical attention in this process of contaminated charged unfounded by the introduction through state action of false inculpatory evidence while acting under the color of state law in retaliation for filing grievances and making complaints, by reason of appearance or race being solely the determining factor of case 20020307313." From this allegation, it appeared plaintiff was challenging disciplinary case no. 20020307313 and, possibly, alleging racism and retaliation by defendant BURNETT. A Briefing Order and Questionnaire issued May 6, 2005. Plaintiff's answers were not responsive and consisted of legal argument and buzz-words from legal theories, but no fact.

Plaintiff's request for relief is as inchoate as the claims he presents, and his questionnaire response provided no more definite request, asking for "relief granted ex parte and an infallible remedy; retrospective, prospective, . . . ."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Attached to plaintiff's original complaint is the Disciplinary Hearing Report for disciplinary case no. 20020307313, showing plaintiff was found guilty of threatening an officer

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

2

and lost two hundred days of accumulated goodtime credits.

Assuming plaintiff is requesting a return of goodtime credits, such relief would entitle him to immediate release or a speedier release from imprisonment; therefore, the only federal remedy available to him is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Boyd v. Biggers*, 31 F3d 279, 283 n.4 (5th Cir. 1994).

Assuming plaintiff is requesting monetary relief, a favorable decision concerning the claims advanced in this cause would call into doubt the validity of the challenged disciplinary case. Any section 1983 claim which attacks the unconstitutionality of a conviction or sentence does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994)(section 1983 complainant sought money damages based upon alleged unlawful acts by law enforcement officials that had led to the plaintiff's arrest and conviction); *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995). In *Edwards v. Balisok*, the Supreme Court extended the application of the *Heck* doctrine to the prison disciplinary setting. *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997).

The Court notes the Texas Court of Criminal Appeals has ruled state habeas corpus does not provide relief in matters stemming from prison disciplinary proceedings. *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex.Crim.App. 1988); *Ex parte Brager*, 704 S.W.2d 46 (Tex.Crim.App. 1986). Consequently, habeas challenges to Texas prison disciplinary cases are initiated in federal district court. A search of court records for the Northern District of Texas

reveals no prior successful habeas corpus action of any sort, and none concerning this disciplinary case. Further, plaintiff's attached grievances demonstrate his conviction has not been reversed on administrative appeal. Plaintiff's claims asserted in the instant cause clearly fall within the scope of *Heck* and are barred until plaintiff can fulfill the *Heck* requirement. Consequently, plaintiff's claims lack an arguable legal basis and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Lastly, plaintiff's naked allegations of retaliation and racism do not provide sufficient facts to state a claim on which relief can be granted. *Al-Ra'id v. Ingle*, 69 F.3d 28 (5th Cir. 1995)(conclusory allegations insufficient to support claim of malice); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)(conclusory allegations insufficient to support claim of retaliation). By these allegations, plaintiff has failed to state a claim on which relief can be granted.

### CONCLUSION

IT IS HEREBY ORDERED:

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), this Civil Rights Complaint is DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED, AS FRIVOLOUS AND WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff's claims sounding in habeas are DISMISSED WITHOUT PREJUDICE to being pursued by filing a petition for writ of habeas corpus.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail.  The Clerk will also mail a copy to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this  13th  day of June, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE